**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**ALISSON FERREIRA PEREIRA,**

**Petitioner,**

**v.** **Civil Action No. 2:26-cv-695**

**PAUL PERRY,**
***Caroline Detention Facility,***

**And**

**ROBERT GUADIAN,**
***ICE Washington Field Office,***

**Respondents.**

# REPORT AND RECOMMENDATION

This matter is before the court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by pro se petitioner Alisson Ferreira Pereira ("Petitioner" or "Pereira"). Pet. (ECF No. 1). Pereira is an immigration detainee of United States Immigration and Customs Enforcement ("ICE"), who originally sought immediate release from ICE custody, or in the alternative a bond hearing. Id. at 8. Respondent opposed the Petition and also filed a declaration suggesting that Petitioner's application for withholding of removal had been denied and he was ordered removed. (ECF No. 6). Petitioner was advised of his right to respond. (ECF No. 9). On August 24, 2026, Pereira filed a Motion to Withdraw his Petition, (ECF Nos. 10), stating he wishes to be removed to his home country of Brazil after an Immigration Judge ordered his removal. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72(b) of the Federal Rules of Civil Procedure. (ECF No. 4). For the reasons explained below, the undersigned recommends that the court TERMINATE Respondents' motion to dismiss set out in its Opposition to the Petition as MOOT, (ECF No. 6),

GRANT Petitioner's Motion to Withdraw, (ECF Nos. 10), and DISMISS the Petition without prejudice, (ECF No. 1). The undersigned further recommends that the portion of the Order entered July 20, 2026, directing that Pereira is not to be removed or transferred from this district without the court's permission be VACATED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Pereira is a 25-year-old citizen of Brazil. Decl. of Charles M. Byrne ("Byrne Decl.") ¶ 5 (ECF No. 6-1, at 2). On November 26, 2018, Pereira and his minor child applied for admission into the United States at the Santa Teresa Port of Entry, expressing fear of returning to Brazil and requested to apply for asylum. The same day, the Department of Homeland Security ("DHS") issued and served Petitioner a Notice to Appear and charged him with being removable from the United States under 8 U.S.C. § 1182(a)(7)(A)(i), as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act and a valid unexpired passport, or other suitable travel document or document of identity and nationality as required under regulations issued by the Attorney General under section 211(a) of the Act. Id. ¶ 6 (ECF No. 6-1, at 2-3). On November 28, 2018, Petitioner was released on an Order of Release on Recognizance into the United States due to lack of bed space and directed not to commit any crimes while on the release order. Id. ¶ 7 (ECF No. 6-1, at 3). On November 12, 2019, filed an application for asylum, withholding of removal, and protection under the regulations implementing the Convention Against Torture with the Immigraton Court. Id. ¶ 8 (ECF No. 6-1, at 3). On August 27, 2025, Frederick County law enforcement arrested Petitioner for felony eluding law enforcement in violation of Virginia Code § 46.2-817. Id. ¶ 9 (ECF No. 6-1, at 3). The charges were nolle prosequi on February 27, 2026, and Petitioner was transferred the next day to DHS custody due to an ICE

detainer. Id. ¶¶ 11, 12 (ECF No. 6-1, at 3). On July 1, 2026, the Immigration Judge denied Petitioner's applications for relief and ordered him removed from the United States. Petitioner reserved appeal of the Immigration Judge's decision. As of July 23, 2026, no appeal has been filed with the Board of Immigration Appeals. Id. ¶ 13 (ECF No. 6-1, at 3).

Pereira's Petition, filed July 8, 2026, alleges he has been detained pursuant to an ICE detainer since February 25, 2026. Using a form petition filed frequently in this court, Petitioner sought immediate release from ICE custody or in the alternative a bond hearing. Pet. (ECF No. 1, at 8). After filing, however, Respondent asserts that Petitioner's application for withholding of removal was denied and he was ordered removed to his home country of Brazil. Byrne Decl. ¶ 13. Thereafter, Pereira filed his Motion to Withdraw, contending he wishes to be removed to his home country as soon as possible. (ECF No. 10).

## III. DISCUSSION

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The purpose of this Rule "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). A Rule 41(a)(2) motion "should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F. 2d 1033, 1036 (4th Cir. 1986). "The rule is applicable to requests to withdraw petitions filed under § 2241." Bart v. Reherman, No. 1:19-cv-00245, 2020 WL 3421774, at *7 (S.D.W. Va. Apr. 8, 2020), R. & R. adopted, 2020 WL 3421481 (S.D.W. Va. June 22, 2020). In this case, the court considers pro se Petitioner's Motion to Withdraw as a motion under Rule 41(a)(2). Given that Respondents did not file any objections to the Motion and initially moved to dismiss the Petition as well, the court finds granting the Motion would not prejudice Respondents.

By requesting that his Petition be withdrawn, there is no indication that Pereira is "seek[ing] to circumvent an expected adverse result." Nesari v. Taylor, 806 F. Supp. 2d 848, 861 (E.D. Va. 2011). Instead, Pereira wishes to be removed to his home country of Brazil, and his removal is in line with Respondents ultimate objective as set forth in their Opposition. Accordingly, I recommend that the portion of the Order entered July 20, 2026, (ECF No. 4), directing that Pereira not to be removed from this district without the court's permission be vacated and granting Pereira's Motion to Withdraw Petition, (ECF No. 10), and doing so would render moot Respondents' motion to dismiss set out in its Opposition to the Petition, (ECF No. 6).

## III. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS the court TERMINATE AS MOOT Respondents' motion to dismiss set out in its Opposition to the Petition, (ECF No. 6), GRANT Petitioner's Motion to Withdraw Petition, (ECF No. 10), and DISMISS the Petition without prejudice, (ECF No. 1). The undersigned further RECOMMENDS that the portion of the Order entered July 20, 2026, (ECF No. 4), directing that Pereira not be removed or transferred from this district without the court's permission be VACATED.

## IV. REVIEW PROCEDURES

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A

party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

September 1, 2026

Newport News, Virginia

**Clerk's Mailing Certificate**

A copy of the foregoing was mailed this date to:

**Alisson Ferreira Pereira**
**201402101**
**Caroline Detention Center**
**P.O. Box 1460**
**Bowling Green, VA 22427**

and an electronic copy was provided to:

**Virginia Lynn Van Valkenburg**
**United States Attorney Office**
**101 W Main St**
**Suite 8000**
**Norfolk, VA 23510**

Laura G. Griffin, Clerk

By /s/ J. L. Meyers
Deputy Clerk

9/1/2026, 2026